STUART, Justice.
In these appeals, Heidi Disch, Mary Sisk Rawls, Alice Lusk, and Mrs. Henry Little (hereinafter referred to collectively as the “objectors”) appeal from an order approving the settlement of a class action filed by Sharon Hicks against Oxmoor House, Inc. We reverse and remand with directions.

Background

On May 29, 2003, Sharon Hicks sued Oxmoor House, Inc., a corporation engaged in the marketing and selling of books. Oxmoor House uses a “negative option plan” in marketing its books. This means that once a consumer orders a single book on a “30-day trial plan,” the consumer is enrolled in a program pursuant to which Oxmoor House notifies the consumer that another related book (a “subsequent book”) will automatically be sent to the consumer unless the consumer notifies Oxmoor House that he or she does not. want the subsequent book. Once the consumer receives the subsequent book, the consumer may return the book, if the consumer decides not to keep it, at his or her own expense and no payment is due.
Sharon Hicks alleged in her complaint that, upon receiving a subsequent book from Oxmoor House, she and many other consumers believed that they were obligated to pay for the book. Additionally, she alleged that, in many cases, Oxmoor House began billing the consumer for the subsequent book, regardless of whether the consumer had requested the subsequent book and regardless of whether the consumer returned the subsequent book or kept it. She also alleged that, in many cases, Oxm-oor. House sent letters to consumers threatening to take legal action to collect payment for the subsequent book, even when the subsequent book had not been requested and even when the consumer had returned the subsequent book.
In her complaint, Hicks included claims of unjust enrichment and money had and received, suppression, misrepresentation, and a violation of § 35-1-3, Ala.Code 1975.[1] Hicks sought injunctive relief and sought to have a class certified of all persons similarly situated. However, within only a few weeks after Hicks filed her complaint, the parties submitted a joint motion seeking preliminary approval of a proposed settlement and the certification of a class for settlement purposes.[2] Hicks, *402 through her counsel, and Oxmoor House submitted briefs in support of the proposed settlement.
On June 19, 2003, the trial court entered a preliminary order, conditionally certifying a nationwide class for settlement purposes. The trial court scheduled a fairness hearing for September 15, 2003, to consider the adequacy and reasonableness of the proposed settlement. The trial court ordered actual and publication notice be given to the class members so that they could opt out of the class or object to the proposed settlement.[3]
The trial court conducted the fairness hearing on September 15, 2003. The trial court received 30 objections to the proposed settlement; only 10 of those objections were timely. Of those 10 objectors, Heidi Disch, Mary Sisk Rawls, Alice Lusk, Mrs. Henry Little, and David Hill appeared, through their respective counsel, at the fairness hearing.
The trial court approved the proposed settlement on October 31, 2003. In its order approving the settlement, the trial court certified the following class:
“All persons who received one or more Subsequent Books from Oxmoor House or any Billing Correspondence relating to a Subsequent Book between June 15, 1997 and December 31, 2002 and who meet one or more of the following definitions:
“Group One Class Members are those who received and paid for Book Two or Three as their highest Ship Level at any time from June 15, 1997 through October 5, 2001, inclusive.
“Group Two Class Members are those who received and paid for Book Two or Three as their highest Ship Level between October 6, 2001 and December 31, 2002, inclusive, and who ordered them first Enrollment Book in a Series on or before April 30, 2002.
“Group Three Class Members are those who received Book Two or Three in one or more Book Series as their highest Ship Level at any time from June 15, 1997 through December 31, 2002, inclusive, returned one or more books in a Book Series, and paid the return postage.
“Group Four Class Members are those who reached Ship Level Four or higher in one or more Book Series at any time from June 15, 1997 through December 31, 2002, inclusive.
“Group Five Class Members are those who received Book Two or Three as their highest Ship Level in one or more Book Series between June 15, 1997 and October 5, 2001, inclusive, and whose accounts have been classified by Oxmoor House in the ordinary course of business as ‘other’ or for purposes of accounts receivable have been classified as ‘bad debt’ or referred by Oxmoor House to a collection agency.”
The trial court’s order also incorporated the parties’ stipulation of settlement and the exhibits filed with that stipulation.
By approving the proposed settlement, the trial court agreed with Hicks (the class representative) and Oxmoor House that *403 the participating members of the class should receive the following relief:
“(1) Cash Refunds for Group One Class Members
“Each Group One Class Member who timely submits a signed Cash Refund Claim Form will receive an $8.00 refund for each Subsequent Book the Class Member paid for in all Series in which the Class Member was enrolled during the Class Period.
“(2) Premium Book Discounts for Group
Two and Group Four Class Members “All Group Two and Group Four Class Members are entitled to receive a Premium Book Discount which means that the Class Member will be entitled to purchase a current book with a retail price of not less than $29.95 for the discounted price of $12.00, including shipping and handling.
“(3) Book Return Reimbursement for Group Three Class Members
“Each Group Three Class Member who timely submits a signed Postage Refund Claim Form will receive a refund in the amount [of] $3.95 for each Subsequent Book at Ship Level Two or Three the Class Member returned at his or her own expense during the Class Period.
“(4) Oxmoor House Agrees to Cease Collections for Group Five Class Members
“For all Group Five Class Members, Oxmoor House will cease all efforts to collect any amounts that may be owed for Subsequent Books covered by the Settlement. These Class Members may keep the books sent to them with no adverse consequences to their credit.”
The trial court also awarded $3,010,000 to the plaintiffs’ attorneys in legal fees and expenses. Neither the trial court’s October 31, 2003, order 'nor any of the pleadings and exhibits incorporated into that order addressed the Rule 23, Ala. R. Civ. P., criteria for class certification. In its order, the trial court simply stated that the class representative and class counsel had adequately represented the class under Rule 23; that, the settlement met all the criteria required by law; and that the notice of the certification of the class and the proposed settlement provided to the class members met all of the requirements of Rule 23, Ala. R. Civ. P.
Little filed a motion to alter, amend, or vacate the order approving the class settlement. The trial court denied this motion on January 2, 2004.
Disch, Rawls, Lusk, and Little appeal.[4] Disch, Rawls, and Lusk are represented by the same counsel; they assert identical issues and arguments on appeal. They challenge the fairness and reasonableness of the settlement and the $3,010,000 attorney fee awarded to the plaintiffs’ counsel as excessive.
Little is represented by different counsel. She asserts that the trial court erred by certifying the class-without conducting the rigorous analysis required by § 6-5-641, Ala.Code 1975; she also challenges the adequacy, fairness, and reasonableness of the settlement. Our resolution of the issues raised by Little pretermits our discussion of the issues raised by the other objectors.

Standard of Review

“In reviewing a trial court’s order granting or denying a motion for class certification, this Court must determine whether the trial court exceeded its discretion in so ruling. Alfa Life Ins. Corp. v. Johnson, 822 So.2d 400 (Ala.2001). In determining whether class certification is proper, we consider *404 whether the party seeking certification produced substantial evidence satisfying the requirements of Rule 23 [Ala. R. Civ. P.]. Ex parte Green Tree Fin. Corp., 684 So.2d 1302 (Ala.1996).”
Mayflower Nat’l Life Ins. Co. v. Thomas, 894 So.2d 637, 640 (Ala.2004). Additionally, the standard of review applicable to a trial court’s approval of a proposed settlement of a class action is as follows:
“There can be no settlement [of a class action] without the trial court’s approval. Rule 23(e) [Ala. R. Civ. P.]. Requiring the trial court’s approval of the settlement protects the class from unjust settlements or voluntary dismissals. The burden is on the proponents of the settlement to show that it is fair, adequate, and reasonable. This Court’s standard of review is to determine whether the trial court abused its discretion. Great weight is given to the trial court’s views, because that court has been ‘exposed to the litigants, and their strategies, positions, and proofs.’ ”
Adams v. Robertson, 676 So.2d 1265, 1272-73 (Ala.1995) (citations omitted).

Analysis

On appeal, Little argues that in certifying this action for class treatment, the trial court erred in failing to conduct a rigorous analysis, as required by § 6-5-641, Ala. Code 1975, before certifying the class. Little argues that the certification is defective in three ways: (1) the class certification does not satisfy the predominance requirement as required by Rule 23(a); (2) the class certification does not satisfy the superiority requirement as required by Rule 23(a); and (3) the class certification must fail because the court failed to perform a rigorous analysis to determine whether the actions taken by Oxmoor House were legal in other states.
Whether Little adequately preserved her objection on the certification issue before the trial court is debatable. Before the fairness hearing, Little filed a written motion objecting to the proposed settlement. In that motion, she argued at length that both the notice and the relief provided to the class members regarding the proposed settlement were inadequate. She did not argue that the class did not meet the predominance and superiority requirements of Rule 23(a). However, in that motion Little requested that the trial court withdraw its conditional certification of the class for settlement purposes, that it allow further discovery on the merits of class certification, and that it conduct a hearing on class certification.
At the fairness hearing, Little’s attorney stated that her objection was based upon the fact that the settlement was not fair, adequate, or reasonable; that the notice of the proposed settlement sent to the class members was confusing; and that the objectors did not know how many claims for relief were actually being filed under the proposed settlement. Little requested that the trial court stay the hearing; she also requested that the trial court order Oxmoor House to produce the records necessary to show how many claims it had actually received so that she could assess the fairness and adequacy of the proposed settlement.
At that hearing, Little’s attorney added the following: “We would also ask that the Court lodge our objection to the order granting the preliminary approval of the proposed settlement class because it does not meet the rigorous analysis standard.” Little’s attorney did not present any specific argument to support Little’s “objection” based on the court’s alleged failure to meet the rigorous-analysis standard. Additionally, Little’s attorney never cited *405 § 6-5-641, Ala.Code 1975, to the trial court.
Finally, although Little filed a motion to alter, amend, or vacate the trial court’s order approving the settlement, she did not argue in that motion that the trial court had not met the rigorous-analysis standard. Thus, the request for relief found in Little’s written objection to the proposed settlement and the sentence quoted above made at the fairness hearing constitute the extent of Little’s argument before the trial court regarding the class-certification issue. However, we conclude that Little’s argument before the trial court and her request for a hearing on the issue of class-certification was sufficient to raise the issue before the trial court. She has also appealed from the trial court’s order, raising those issues. Although Little failed to elaborate upon her objection to the class certification and her request for a hearing to address the Rule 23 criteria and failed to reference § 6-5-641, Ala.Code 1975, in her objection, we conclude that Little preserved her objection for purposes of appeal and that the issue whether the class was properly certified is properly before us.
Thus, we address whether, under § 6-5-641, Ala.Code 1975, a trial court must conduct a rigorous analysis and issue a written order explaining and applying the Rule 23, Ala. R. Civ. P., criteria for class certification, even when it is conditionally certifying a class for settlement purposes only. We find no prior cases discussing whether § 6-5-641, Ala.Code 1975, allows a trial court to certify a settlement class without conducting the rigorous analysis required in that Code section. We conclude that the language of § 6-5-641, Ala.Code 1975, requires a trial court to conduct a rigorous analysis, even when it is conditionally certifying a class for settlement purposes only.
Section 6-5-641, Ala.Code 1975, provides:
“(a) No class of civil litigants shall be certified or recognized by any court of the State of Alabama unless there shall have been compliance with the procedures for certification of the class set forth in this article.
“(b) As soon as practicable after the commencement of an action in which claims or defenses are purported to be asserted on behalf of or against a class, or as soon as practicable after such assertions in an amended pleading, but in no event prior to the time allowed by law for each party (including, “but not limited to, counterclaim, cross-claim, and third-party defendants) to file an answer or other pleading responsive to the complaint, counterclaim, cross-claim, or third-party claim, the court shall hold a conference among all named parties to the action for the purpose of establishing a schedule, in the same manner and to the same extent contemplated by Ala. R. Civ. P. 16, for any discovery in which the parties may wish to engage which is both (1) allowed by Ala. R. Civ. P. 26-37, and (2) germane to the issue of whether the requested class should or should not be certified. At this conference, the court may set a date for .a hearing on the issue of class certification, but such hearing may not be set sooner than 90 days after the date on which the court issues its scheduling order pursuant to the conference unless a shorter time is agreed to by all parties.
“(c)....
“(d) The court shall, on motion of any party, hold a full evidentiary hearing on class certification. The hearing shall be recorded, and all named parties to the action shall be given notice of the date, time, and place of the hearing by written notification given to the party’s attorney *406 ... no later than 60 days prior to the date set for the hearing. At the hearing, the parties shall be allowed to present, in the same manner as at trial, any admissible evidence in support of or in opposition to the certification of the class.
“(e) When deciding whether a requested class is to be certified, the court shall determine, by employing a rigorous analysis, if the party or parties requesting class certification have proved its or their entitlement to class certification under Ala. R. Civ. P. 23. The burden of coming forward with such proof shall at all times be on the party or parties seeking certification, and if such proof shall not have been adduced, the court shall not order certification of the class. In making this determination, the court shall analyze all factors required by Ala. R. Civ. P. 23 for certification of a class and shall not order certification unless all such factors shall have been established. In announcing its determination, the court shall place in the record of the action a written order addressing all such factors and specifying the evidence, or lack of evidence, on which the court has based its decision with regard to whether each such factor has been established. In so doing, the court may treat a factor as having been established if all parties to the action have so stipulated on the record and if the court shall be satisfied that such factor could be proven to have been established.”
We note that neither § 6-5-641 nor Rule 23, Ala. R. Civ. P., expressly contemplates the conditional certification of a settlement class and neither the statute nor the rule expressly provides for a less than rigorous analysis to be performed in certifying class actions for settlement purposes. Subsection (e) recognizes that the court may treat a factor as having been established if the parties so stipulate and the trial court finds that the factor could have been established. However, this language still requires the trial court to independently assess the factor to some degree. Additionally, even though Hicks and Oxm-oor House may have stipulated that the Rule 23 requirements were met in this case. Little did not so stipulate. She specifically objected on the basis that the class had been certified without benefit of the required rigorous analysis, and she requested an evidentiary hearing to address the Rule 23 criteria.
Section 6-5-641 (d) requires the trial court to conduct an evidentiary hearing on class-certification issues and to record that hearing, if any “party” requests such a hearing by motion. Upon first receiving notice of the proposed settlement and fairness hearing, Little requested such a hearing. The trial court scheduled a fairness hearing to address the proposed settlement; the trial court, however, then issued its order approving the class-action settlement without the benefit of, a hearing at which the Rule 23(a) and (b) criteria for class certification could be addressed.
Section 6-5-641(e), Ala.Code 1975, also requires that the trial court issue a written order addressing the Rule 23 criteria and the specific application of those criteria to the case before it. The trial court’s order approving the proposed settlement does not address those factors and their application to the claims asserted in this action.
We recognize that courts in other jurisdictions have taken different approaches to and expressed other views on the use of class certification for settlement purposes. The topic is discussed at length in 4 Herbert Newberg and Alba Conte, Class Actions §§ 11.27-11.28. (4th ed.2002). Newberg and Conte appear to favor such certifications of a settlement class.
*407 Additionally, the United States Court of Appeals for the Fifth Circuit has recognized that “settlement classes are favored when there is little or no likelihood of abuse, and the settlement is fair and reasonable and under the scrutiny of the trial judge.” In re Beef Indus. Antitrust Litig., 607 F.2d 167, 174 (5th Cir.1979). In that same case, the Fifth Circuit Court of Appeals stated: ‘When a court orders that a notice of a proposed class settlement be sent to members of a temporary settlement class, the order carries the necessary implication that the action complies with Rule 23 [Fed.R.Civ.P.].” 607 F.2d at 177.
The Fifth Circuit Court of Appeals, citing Newberg, stated:
“[Professor Newberg] perceives ‘the temporary settlement class as nothing more than a tentative assumption indulged in by the court to facilitate the amicable resolution of the litigation, rather than as some sort of conditional class ruling under Rule 23 criterion.’ 3 Newberg, Class Actions § 5570c at 476 [(1977)]. We agree with his summation:
“ ‘A blanket rule prohibiting the use of temporary settlement classes may render it virtually impossible for the parties to compromise class issues and reach a proposed class settlement before a class certification. Such a firm restriction does not appear necessary or desirable. The hallmark of Rule 23 is the flexibility it affords to the courts to utilize the class device in a particular case to best serve the ends of justice for the affected parties and to promote; judicial efficiencies. A rule prohibiting temporary settlement classes altogether directly eliminates an important segment of court flexibility in administering and managing a class action to its successful disposition.
“ ‘By analogy, for example, Rule 23(c)(1) and (d)(4) authorize a class ruling to be altered or amended by the court at any time before a judgment on the merits. Accordingly, it is altogether proper and consistent for a court to certify a class for settlement purposes, while it might have had more difficulty reaching this determination in a different context. Temporary settlement classes have proved to be quite useful in resolving major class action disputes. While their use may still be controversial, most courts have recognized their utility and have authorized the parties to seek to compromise their differences, including class action issues, through this means.’
“[3 Newberg, Class Actions § 5570(e)] at 479-80.”
607 F.2d at 177-78.
Thus, it appears that a leading authority on class actions and some federal authority, which we typically look to for guidance in interpreting Rule 23, Ala. R. Civ. P., favor class certifications for settlement purposes, under the appropriate circumstances. However, to the extent those authorities do not interpret Rule 23 to require a rigorous analysis of the class-action criteria before certification of a class for settlement purposes, we decline to follow them.
Additionally, those authorities were not bound by § 6-5-641, Ala.Code 1975. That statute, effective May 25, 1999, was designed to address problematic aspects of class-action litigation in this state. In attempting to remedy the problems associated with class-action litigation in Alabama, the Legislature expressly placed upon the trial courts a mandatory duty to conduct a rigorous analysis to determine whether the prerequisites of Rule 23 were met. We have construed the duty imposed upon the *408 trial court by § 6-5-641, Ala.Code 1975, to be a nondelegable one, even when the certification to be granted is conditional. See Bill Heard Chevrolet Co. v. Thomas, 819 So.2d 34, 41 (Ala.2001). This Court has also stated that “[t]he plaintiff must offer sufficient evidence of the Rule 23 criteria; this evidence must be referenced in the trial court’s order before class certification is proper.” 819 So.2d at 40. For these reasons, we conclude that even when certifying a class action for settlement purposes, the trial court is required, pursuant to § 6-5-641, Ala.Code 1975, to analyze the Rule 23 criteria and to address those criteria in its order.
We also conclude that Little’s objection was not deficient for her failure to reference § 6-5-641, Ala.Code 1975. Little objected because the trial court failed to conduct the rigorous analysis required for class certification. As we have discussed, the rigorous-analysis requirement arises not solely from § 6-5-641 but also from Rule 23, Ala. R. Civ. P., as well as the existing caselaw of this State. The rigorous-analysis requirement existed even before the enactment of § 6-5-641 in 1999. See, e.g., Ex parte Water Works & Sewer Bd. of Birmingham, 738 So.2d 783, 788 (Ala.1998), in which this Court recognized:
“ ‘While conditional certification of a class action is allowed, simply labeling a class certification as “conditional” does not relieve the trial court of its obligation to conduct a rigorous analysis and to require the plaintiff to carry its burden of proof as to the appropriateness of class treatment under Rule 23(a).’ ”
(Quoting Ex parte Citicorp Acceptance Co., 715 So.2d 199, 203 (Ala.1997).) See also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (recognizing that, when faced with a request for a class certification for settlement-only purposes, a district court need not inquire whether the case would present intractable problems of trial management, but that the other requirements for class certification must still be met).[5] In fact, the Amchem Products Court found that the Rule 23 certification criteria required even heightened attention in the settlement context. The Court stated: “Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity to adjust the class, informed by the proceedings as they unfold.” 521 U.S. at 620, 117 S.Ct. 2231.
As Professor Newberg recognized, “Rule 23 class requirements are more readily satisfied in the settlement context, where the circumstances are less complex, than if they were being applied to certify a class action for litigation purposes.” New-berg § 11.28. Although it may be easier for a plaintiff to satisfy the Rule 23 requirements for settlement classes, the *409 plaintiff nonetheless must satisfy those requirements and the trial court must independently perform its analysis of the class-certification criteria. Thus, if a named party to the action or a putative class member requests a hearing, the trial court is required to schedule and conduct such a hearing in accordance with § 6 — 5—641(d) before certifying the class for settlement purposes. Finally, § 6 — 5—641(e) requires that the trial court issue a written order addressing the Rule 23 criteria and setting forth its assessment of the evidence supporting its decision on certification.
The trial court failed to comply with the requirements of § 6-5-641, Ala.Code 1975, and Rule 23, Ala. R. Civ. P. We reverse the trial court’s order and remand this action for further proceedings consistent with this opinion. On remand, the trial court shall schedule a hearing pursuant to § 6 — 5—641(d), Ala.Code 1975, and shall comply with the requirements of § 6-5-641(e), Ala.Code 1975. Because of our resolution of the class-certification issue, we pretermit consideration of the remaining issues.
1030403 — REVERSED AND REMANDED WITH DIRECTIONS.
1030404 — REVERSED AND REMANDED WITH DIRECTIONS.
1030405 — REVERSED AND REMANDED WITH DIRECTIONS.
1030758 — REVERSED AND REMANDED WITH DIRECTIONS.
NABERS, C.J., and HOUSTON, SEE, LYONS, HARWOOD, and WOODALL, JJ., concur.
JOHNSTONE, J., dissents.

. Section 35-1-3, Ala.Code 1975, provides:
“Unless otherwise agreed, where unsolicited goods are delivered by mail or common carrier to a person, he has a right to refuse to accept delivery of the goods and is not bound to return such goods to the sender. If such unsolicited goods are addressed to or intended for the recipient, they shall be deemed a gift to the recipient, who may use them or dispose of them in any manner without any obligation to the sender.”

. In late 2002 (before the filing of Hicks's action), the parties were assisted by a mediator, Rodney Max, in resolving, several actions that had already been filed or had been threatened against Oxmoor House in various jurisdictions. Those negotiations covered four mediation sessions and nearly three months of telephone conferences. The record *402 contains the affidavit of Rodney Max in which he attests to his involvement in negotiating a resolution of this dispute and in which he supports the proposed settlement.

. According to Oxmoor House, almost three million actual notices of the proposed settlement were sent out; additionally, notice by publication was also provided in the daily newspaper USA Today, the weekly magazine Newsweek, and the weekly newspaper magazines Parade and USA Weekend. Oxmoor House reported that the combined circulation of those publications was approximately 62 million readers.

. David Hill did not appeal.

. In Amchem Products, 521 U.S. at 618-19, 117 S.Ct. 2231, the United States Supreme Court explained:
“Although all Federal Circuits recognize the utility of Rule 23(b)(3) [Fed.R.Civ.P.] settlement classes, courts have divided on the extent to which a proffered settlement affects court surveillance under Rule 23's certification criteria.
[[Image here]]
“A proposed amendment to Rule 23 would expressly authorize settlement class certification, in conjunction with a motion by the settling parties for Rule 23(b)(3) certification, ‘even though the requirements of subdivision (b)(3) might not be met for purposes of trial.' Proposed Amendment to Fed. Rule Civ. Proc. 23(b), 117 S.Ct. No. 1 CXIX, CLIV to CLV (Aug. 1996) (Request for Comment). In response to the publication of this proposal, voluminous public com- ’ ments — many of them opposed to, or skeptical of, the amendment. — were received by the Judicial Conference Standing Committee on Rules of Practice and Procedure.... The Committee has not yet acted on the matter.’’