LYONS, Justice.
 

 Baldwin Mutual Insurance Company, Inc. (“Baldwin Mutual”), appeals from the Mobile Circuit Court’s certification of a class action against it. We reverse and remand.
 

 
 *1269
 

 Factual Background and Procedural History
 

 Dean Edwards sued Baldwin Mutual on July 12, 2007, asserting a breaeh-of-eon-tract claim. Specifically, Edwards stated that, in August 2005, his house was damaged by Hurricane Katrina and that Baldwin Mutual was his homeowner’s insurer at the time. Edwards alleged that, under his homeowner’s policy with Baldwin Mutual, he was entitled to recover the “actual cash value” of his loss, which the policy defined, in relevant part, as “the amount it would cost to repair or replace [the] covered property.” Edwards " maintained that, as part of “actual cash value” he says was due under his policy as a result of his loss, he was entitled to receive an additional 20% of the costs of material and labor, a sum, Edwards alleged, typically charged by contractors for overhead and profit. Edwards alleged that Baldwin Mutual breached its policy by failing to include that 20% for contractor overhead and profit in calculating the “actual cash value” of his loss.
 

 Edwards also sought to represent a proposed class of plaintiffs under Rule 32(b)(3), Ala. R. Civ. P. In his complaint, Edwards defined the class as including:
 

 “1) All current and former Baldwin Mutual ... insureds ...;
 

 “2) who are citizens of the State of Alabama;
 

 “3) who in the six years preceding the date of filing of this complaint suffered a covered loss to property situated within the State of Alabama;
 

 “4) whose loss estimate or property loss worksheet prepared by the defendant or its agents indicates the repair of damage by three or more trades;
 

 “5)
 
 whose loss was settled on an actual cash value basis;
 
 and
 

 “6) whose actual cash value payment did not include an amount for general contractor overhead and profit equal to 20% of the underlying cost of repair.”
 

 (Emphasis added.) On July 30, 2009, Edwards moved the trial court to certify the class. On August 19, 2009, Edwards and Baldwin Mutual jointly moved the trial court for a hearing regarding the certification of the class defined above.
 

 The trial court held an evidentiary hearing on the class-certification question on October 15, 2009. At that hearing, Edwards presented evidence as to the damage to his house caused both by Hurricane Katrina in August 2005 and by Hurricane Ivan in September 2004. Edwards represented that the class definition was broad enough to include claims based on damage caused by Hurricane Ivan and that he intended to amend his complaint to state a breach-of-contract claim against Baldwin Mutual arising from its payment of a loss for damage to Edwards’s house sustained during Hurricane Ivan.
 

 Counsel for Baldwin Mutual presented evidence at the hearing indicating that Baldwin Mutual had not, in fact, paid Edwards’s loss resulting from Hurricane Katrina on an “actual cash value” basis, but, instead, pursuant to Edwards’s policy, had paid his claim based on the “replacement cost” of the damaged property. Accordingly, Baldwin Mutual argued that Edwards was not a part of the class he sought to certify. Baldwin Mutual also argued that the class definition should be limited because, it says, as written, the definition included claims by putative class members who had already litigated or settled their claims with Baldwin Mutual. Edwards’s counsel acknowledged at the hearing that he needed to “tinker with the class definition.” The trial court instructed Edwards’s counsel to settle on a class definition and present it to the court in a
 
 *1270
 
 brief supporting his motion for class certification. The trial court allowed Baldwin Mutual time to file a response brief opposing class certification and Edwards time to reply with a subsequent filing.
 

 On November 6, 2009, Edwards filed a brief in support of his motion for class certification in which he asked the trial court to certify the following class:
 

 “1) All current and former Baldwin Mutual ... insureds;
 

 “2) who are citizens of the State of Alabama;
 

 “3) who in the six years preceding July 12, 2007 suffered a covered loss to property situated within the State of Alabama;
 

 “4) where the damage estimate for such loss prepared by Baldwin Mutual ... indicated repairs by three or more trades;
 

 “5) where the loss payment did not include any amount for the cost of hiring a general contractor (i.e., ‘general contractor overhead and profit’).
 

 “Insureds whose claims are based on the following losses are excluded from the class:
 

 “1) Any loss which is currently in litigation or been the subject of a final judgment, or for which Baldwin Mutual[’s] ... liability has been otherwise previously released or adjudicated;
 

 “2) Any loss for which Baldwin Mutual made payment directly to R & R Mobile Home Services or another third party for the repair of a loss.”
 

 The class defined by Edwards in his November 6, 2009, brief adds certain exclusions as discussed at the hearing; it also omits from the class definition the requirement that class members’ losses have been paid “on an actual cash value basis.”
 

 In its response brief, Baldwin Mutual argued that, in deleting the requirement that the losses of putative class members have been paid based on actual cash value, the revised class definition impermissibly expanded the class beyond that as to which the trial court had received evidence at the class-certification hearing. Specifically, Baldwin Mutual argued that certification of the new class would violate the procedural requirements of § 6-5-641, Ala.Code 1975; that Baldwin Mutual would be substantially prejudiced by the post-hearing expansion of the class; that the evidence presented at the October 15, 2009, hearing did not address loss payments other than those based, on actual cash value; and that certification of the new class “would deny Baldwin Mutual the opportunity for a meaningful hearing on class certification and prevent [the trial court] from conducting the requisite ‘rigorous analysis’ on [Edwards’s] requested class. Ala.Code [1975], § 6-5-641.”
 

 Edwards responded, arguing that the revised class definition was substantively appropriate for class certification. Edwards subsequently moved to amend his complaint to include an individual claim against Baldwin Mutual arising from the loss Edwards suffered as a result of Hurricane Ivan and to include the class definition as revised in Edwards’s November 6, 2009, brief. Baldwin Mutual objected to Edwards’s motion to amend, arguing again that the revised class definition impermis-sibly expanded the class, that it was prejudiced by the expansion, that it was denied a meaningful opportunity to challenge the revised class, and that certification of the revised class would not satisfy the requirements of § 6-5-641. Edwards replied, arguing primarily that Baldwin Mutual did not show that it would have presented its case differently at the hearing had it known of the revised class definition.
 

 On March 1, 2010, the trial court granted Edwards’s motion to amend the com
 
 *1271
 
 plaint and entered an order certifying the revised class. Baldwin Mutual appealed.
 

 Analysis
 

 This Court has stated the standard of review applicable to a class-certification order as follows:
 

 “This Court reviews a trial court’s class-certification order to determine whether the court exceeded its discretion in entering the order, but we review de novo the question whether the trial court applied the correct legal standard in reaching its decision to certify a class.
 
 Compass Bank v. Snow,
 
 828 So.2d 667 (Ala.2001). We will not disturb a trial court’s class-certification order without a showing that in entering the order the court exceeded the permissible limits of its discretion.
 
 General Motors Acceptance Corp. v. Dubose,
 
 834 So.2d 67, 70 (Ala.2002).”
 

 U-Haul Co. of Alabama, Inc. v. Johnson,
 
 893 So.2d 307, 310-11 (Ala.2004).
 

 Section 6-5-641, Ala.Code 1975, provides, in relevant part:
 

 “(a) No class of civil litigants shall be certified or recognized by any court of the State of Alabama unless there shall have been compliance with the procedures for certification of the class set forth in this article.
 

 “(d) The court shall, on motion of any party, hold a full evidentiary hearing on class certification. The hearing shall be recorded, and all named parties to the action shall be given notice of the date, time, and place of the hearing by written notification given to the party’s attorney (or if appearing pro se, to the party) no later than 60 days prior to the date set for the hearing. At the hearing, the parties shall be allowed to present, in the same manner as at trial, any admissible evidence in support of or in opposition to the certification of the class.
 

 “(e) When deciding whether a requested class is to be certified, the court shall determine, by employing a rigorous analysis, if the party or parties requesting class certification have proved its or their entitlement to class certification under Ala. R. Civ. P. 23. The burden of coming forward with such proof shall at all times be on the party or parties seeking certification, and if such proof shall not have been adduced, the court shall not order certification of the class. In making this determination, the court shall analyze all factors required by Ala. R. Civ. P. 23 for certification of a class and shall not order certification unless all such factors shall have been established. ...”
 

 This Court has stated: “Section 6-5-641 (d) requires the trial court to conduct an evi-dentiary hearing on class-certification issues and to record that hearing, if any ‘party’ requests such a hearing by motion.”
 
 Disch v. Hicks,
 
 900 So.2d 399, 406 (Ala.2004) (reversing a trial court’s certification of a settlement class, in part, because the trial court did not hold a hearing on certification upon the request of a putative class member).
 

 Baldwin Mutual argues on appeal that the trial court erred in certifying the revised class defined in Edwards’s November 6, 2009, brief. Specifically, Baldwin Mutual argues that Edwards impermissi-bly expanded the original class definition and that, in certifying the revised class, the trial court failed to comply with the requirements of § 6-5-641 in that it did not hold a hearing on the class it certified and it could not have conducted a rigorous analysis of that class. We agree.
 

 Edwards’s proposed redefinition of the class in his November 6, 2009, brief materially changed the class in a manner
 
 *1272
 
 not contemplated at the October 15, 2009, hearing. Baldwin Mutual objected to that change and argued that, if the trial court accepted the change, Baldwin Mutual would be denied a meaningful hearing on the redefined class as required by § 6-5-641(d). As stated above, § 6-5-641(d) requires the trial court to “conduct an evi-dentiary hearing on class-certification issues” at the request of any party.
 
 Disch,
 
 900 So.2d at 406. Because the definition of the class materially changed in a manner not contemplated at the October 15, 2009,- hearing, the trial court exceeded its discretion in certifying the newly defined class without conducting a new hearing. See § 6 — 5—641(d). Moreover, because it did not conduct such a hearing, the trial court could not have conducted a rigorous analysis of evidence regarding the newly defined class as required by § 6-5-641(e). See
 
 Ex parte Caremark RX, Inc.,
 
 956 So.2d 1117 (Ala.2006), citing with approval the plurality opinion in
 
 Bill Heard Chevrolet Co. v. Thomas,
 
 819 So.2d 34, 41 (Ala.2001) (“[W]e conclude that the trial court could not have conducted a ‘rigorous analysis’ of the evidence to determine whether the Rule 23 prerequisites were met, because it did not allow the defendants an adequate opportunity to oppose the plaintiffs’ proposed certification order.”).
 

 Based on the foregoing, we conclude that the trial court exceeded its discretion in certifying the class as redefined in Edwards’s November 6, 2009, brief. This finding precludes our consideration of the other issues presented by the parties on appeal.
 

 Conclusion
 

 We reverse the trial court’s March 1, 2010, order certifying the class defined in Edwards’s November 6, 2009, brief, and we remand the cause to the trial court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.