STUART, Justice.
Baldwin Mutual Insurance Company (“Baldwin Mutual”) appeals the order of the Montgomery Circuit Court certifying the action filed against it by Gloria Mitchell McCain as a class action under Rule 23, Ala. R. Civ. P., and § 6-5-641, Ala.Code 1975. We reverse and remand.
I.
At all relevant times, McCain' owned a house in Montgomery upon which she held a homeowner’s insurance policy issued by Baldwin Mutual. .That policy provided that any covered property losses would be settled “at actual cash value at the time of loss but not exceeding the amount necessary to repair or replace the damaged property.” The policy further, explained “actual cash value” as follows:.
“Actual cash value is calculated as the amount it would cost to repair or replace covered property, at the time of loss or damage, with material of like kind and quality, subject to á deduction for deterioration, depreciation and obsolescence. Actual cash value applies to valuation of covered property regardless of whether *1196 that property has sustained partial or total loss or damage.
“The actual cash value of the lost or damaged property may be significantly less than its replacement cost.”
In July 2005, McCain’s house was damaged as the result of a windstorm. She filed a claim with Baldwin Mutual, and Baldwin Mutual thereafter retained an independent adjuster to examine McCain’s damaged property and to prepare an estimate to repair the damage. Baldwin Mutual paid McCain’s claim ■ in accordance with the estimate prepared by the adjuster. Pursuant to a work-authorization form signed, by McCain, Baldwin Mutual paid the funds directly to McCain’s contractor.[1] In June 2006, McCain filed another claim after her house suffered damage as a result of a lightning strike. After the same adjuster prepared an estimate, Baldwin Mutual paid the new claim in accordance with the adjuster’s estimate. The record contains no allegation or evidence indicating that McCain sought more money from Baldwin Mutual in connection with those claims or that she was unhappy in any way with the service provided by Baldwin Mutual on those claims before she initiated this lawsuit.
On September 29, 2010, McCain filed a complaint against Baldwin Mutual. As subsequently amended, the complaint stated one claim of breach of contract and another' claim generally asserting misrepresentation and suppression of material facts.' The genesis of the claims ⅛ that Baldwin Mutual had wrongfully been reducing the amount paid on claims made on actual-cash-value polices inasmuch as its practice was to deduct some amount for depreciation not only of the damaged materials and the labor costs of initially installing those damaged materials (based on their condition prior to the covered damage and their expected life span), but also of the labor costs associated with the removal of the damaged materials. It is improper and impossible to depreciate those labor costs, McCain argues, because they had not previously been incurred at some defined time in the past; rather, they are being incurred at the time, of the current repair. For example, with, regard to McCain’s July 2005 claim, Baldwin Mutual recognized that the cost of removing damaged roof shingles was $420; however, $68 in depreciation was deducted from that amount, and Baldwin Mutual paid only $357 for that job, what it considered to be the actual cash value.[2] See generally Branch v. Farmers Ins. Co., 55 P.3d 1023, 1028 (Okla.2002) (clarifying that under Oklahoma law “labor costs to tear off an old roof are not included as a necessary part of the replacement costs of installing a new roof’ and that “the labor costs in debris removal may not be depreciated”). Noting that hundreds or thousands of Baldwin Mutual policyholders were likely negatively affected by Baldwin Mutual’s practices in this regard, McCain also sought' class-action certification of her claims. Specifically, she sought to represent a class composed of:
“All holders of policies, issued by [Baldwin Mutual], insuring properties within the State of Alabama who have suffered a loss within six (6) years of the filing of this complaint for which [Baldwin Mutu *1197 al] reduced the actual cash value of the same by reduction for the loss of value of undepreciable loss elements.”
Baldwin Mutual filed an answer denying that it had improperly calculated what was owed McCain or any other policyholder under the terms of its actual-cash-value policies, and it subsequently moved for a summary judgment on the same basis; however, that summary-judgment motion was ultimately denied.
On April 16, 2014, the trial court held the class-certification hearing contemplated by § 6-5-641(d). Baldwin Mutual filed a brief that morning opposing class certification and arguing that McCain could not meet the requirements for class certification under Rule 23, and, at the close of the hearing, the trial court granted McCain 30 days in which to file a brief in response. McCain filed her brief in support of class certification on May 13, 2014. In that brief, McCain proposed a new definition of the class she desired to represent, arguing that the class should be defined as follows:
“(1) All current and former Baldwin Mutual insureds;
“(2) who are citizens of the State of Alabama;
"(3) who in the six years preceding the complaint suffered a covered loss to property situated within the State of Alabama;
“(4) where the damage estimate for such loss prepared by Baldwin Mutual or their adjusters did not include as a separate item cost for ‘removal’ of damaged building components, and then depreciated the cost of labor for removal down to a lesser amount;
“(5) where calculation of the loss was based on either replacement cost or actual case value; and
“(6) where the payment for such loss was made to the insured or directly to a contractor.”
On May 19, 2014, Baldwin Mutual filed a response to McCain’s brief, supplementing its previous arguments and responding to arguments made by McCain at the hearing and in her post-hearing brief; Baldwin Mutual also argued that it was improper for McCain to seek to expand the proposed class after the class-certification hearing.
On June 3, 2014, the trial court entered an order certifying this action as a class action and defining the class in accordance with the definition proposed by McCain in her May 13 brief. On June 16, 2014, Baldwin Mutual appealed that order to this Court pursuant to § 6-5-642, Ala.Code 1975.
II.
This Court explained the standard of review applicable to a class-certification order in U-Haul Co. of Alabama v. Johnson, 893 So.2d 307, 310-11 (Ala.2004):
“This Court reviews a trial .court’s class-certification order to determine whether the court exceeded its discretion in entering the order, but we review de novo the question whether the trial court applied the correct legal standard in reaching its decision to certify a class. Compass Bank v. Snow, 823 So.2d 667 (Ala.2001). We will not disturb a trial court’s class-certification order without a showing that in entering the order the court exceeded the permissible limits of its discretion. General Motors Acceptance Corp. v. Dubose, 834 So.2d 67, 70 (Ala.2002).
“If [the named plaintiff] failed to meet his evidentiary burden as required by Rule 23, Ala. R. Civ. P., then the trial court exceeded its discretion in certifying the class. Compass Bank, 823 So.2d at 672. [The named plaintiff] must establish all of the criteria set forth in Rule 23(a) and one of the. criteria set forth in Rule 23(b). Ex parte Gold Kist, Inc., 646 So.2d 1339, 1341 (Ala.1994).”
*1198 We further emphasize that a trial court exceeds its discretion in certifying a class, without regard to whether the named plaintiff might have met the requirements of Rule 23, if the procedural requirements of § 6-5-641 are not followed. See § 6-5-641(a) (“No class of civil litigants shall be certified or recognized by any court of the State of Alabama unless there shall have been compliance with the procedures for certification of the class set forth in this article.”). Those requirements include the mandate that the trial court, upon the request of any party, “hold a full evidentia-ry hearing on class certification,” § 6-5-641(d), and that the trial court subject the named plaintiffs request for class certifí-cation to “a rigorous analysis,” § 6-5-641(e). See, e.g., Disch v. Hicks, 900 So.2d 399, 409 (Ala.2004) (reversing order entered by trial court, stating that, “[o]n remand, the trial court shall schedule a hearing pursuant to § 6-5-541(d), Ala.Code 1975, and shall comply with the requirements of § 6-5-641(e), Ala.Code 1975”).
III.
In this case, Baldwin Mutual argues that the trial court exceeded its discretion in certifying the requested class because, it alleges, McCain failed to meet her evidentiary burden under Rule 23 and the trial' court failed to comply with § 6-5-641. Because it is evident that the trial court did not comply with the procedural requirements, of § 6-5-641, as those requirements have been explained in Baldwin Mutual Insurance Co. v. Edwards, 63 So.3d 1268 (Ala.2010), we pretermit consideration of the Rule 23 issues raised by Baldwin Mutual and reverse the order entered by the trial court so the identified errors can be corrected on remand.
The facts in Edwards were substantially similar to the facts in the instant case: A plaintiff sued Baldwin Mutual alleging that Baldwin Mutual had been paying too little on claims filed pursuant to homeowners’ insurance policies providing for reimbursement based on the actual cash value of the damaged property, and the plaintiff sought to have his action certified for class-action treatment based on the large number of policyholders alleged to have been treated similarly.[3] 63 So.3d at 1269. Subsequently, the trial court conducted a class-certification hearing pursuant to § 6-5-641, after which it allowed the parties to file briefs further explaining their positions on the issue. 63 So.3d at 1269-70. In his brief, the plaintiff expanded the proposed class, broadening the definition that had previously been set forth in his complaint; Baldwin Mutual thereafter objected to the expanded definition; and the trial court ultimately certified the class, defining it in accordance with the expanded definition put forth by the plaintiff in his post-class-certification-hearing brief. 63 So.3d at 1270-71. Baldwin Mutual appealed.
This Court ultimately ruled in favor of Baldwin Mutual, stating:
“Baldwin Mutual argues on appeal that the trial court erred in certifying the revised class defined in Edwards’s November 6, 2009, brief. Specifically, Baldwin Mutual argues that Edwards impermissibly expanded the original class definition and that, in certifying the revised class, the trial court failed to comply with the requirements of § 6-5-641 in that it did not hold a hearing on the class it certified and it could not have conducted a rigorous analysis of that class. We agree.
*1199 “Edwards’s proposed redefinition of the class in his November 6, 2009, brief materially changed the class in a manner not contemplated at the October 15, 2009, hearing. Baldwin Mutual objected to that change and argued that, if the trial court accepted the change, Baldwin Mutual would be denied a meaningful hearing on the redefined class as required by § 6-5-641 (d). As stated above, § 6—5—641(d) requires the trial court to ‘conduct an evidentiary hearing on class-certification issues’ at the request of any party. Disch [v. Hicks ], 900 So.2d [399,] 406 [ (Ala.2004) ]. Because the definition of the class materially changed in a manner not contemplated at the October 15, 2009, hearing, the trial court exceeded its discretion in certifying the newly defined class without conducting a new hearing. See § 6-5-641(d). Moreover, because it did not conduct such a hearing, the trial court could not have conducted a rigorous analysis of evidence regarding the newly defined class as required by § 6-5-641(e). See Ex parte Caremark RX, Inc., 956 So.2d 1117 (Ala.2006), citing with approval the plurality opinion in Bill Heard Chevrolet Co. v. Thomas, 819 So.2d 34, 41 (Ala.2001) (‘[W]e conclude that the trial court could not have conducted a “rigorous analysis” of the evidence to determine whether the Rule 23 prerequisites were met, because it did not allow the defendants an adequate opportunity to oppose the plaintiffs’ proposed certification order.’).
“Based on the foregoing, we conclude that the trial court exceeded its discretion in certifying the class as redefined in Edwards’s November 6, 2009, brief. This finding precludes our consideration of the other issues presented by the parties on appeal.”
Edwards, 63 So.3d at 1271-72.
As was the case in Edwards, the class definition proposed by McCain in her brief submitted after the class-certification hearing was materially different from the class definition offered by McCain in her original complaint — both McCain’s and Edwards’s initial proposed classes were limited to those Baldwin Mutual customers who held actual-cash-value policies, but the class definitions proposed following the class-certification hearing, which were accepted by the trial' court, also included those Baldwin Mutual customers who held replacement-cost policies. See Edwards, 63 So.3d at 1270 (stating that the class defined by Edwards in his post-hearing brief “omits from the [originally proposed] class definition the requirement that class members’ losses have been paid ‘on an actual cash value basis’ ”). Accordingly, as explained in Edwards, the trial court here exceeded its discretion in certifying the class in accordance with a definition proposed by McCain without giving Baldwin Mutual the opportunity to oppose the certification of the proposed class at a hearing conducted for that purpose pursuant to § 6-5-641, and the class-certification order must therefore be reversed.
IV.
Baldwin Mutual appealed the trial court’s order certifying McCain’s action against it as a class action, and, for the reasons explained above, that order is now reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PARKER, SHAW, and WISE, JJ., concur.
MOORE, C.J., concurs in the result.

. Baldwin Mutual apparently paid McCain directly for personal property that was damaged as a result of the windstorm.

. McCain does not dispute that Baldwin Mutual was entitled under her policy to deduct an amount for depreciation with regard to the purchase and installation of new shingles, and, in fact, Baldwin Mutual did so, calculating the cost of that job to be $2,070 and paying $1,759.50 as the actual 'cash value after deducting $310.50 for depreciation.

. The plaintiff in Edwards alleged that Baldwin Mutual had improperly paid less than the full value of claims based on its practice of not adding a sum equal to 20% of the underlying cost of repair to compensate for a general contractor's overhead and profit. 63 So.3d at 1269.