Providian National Bank and Providian Financial Corporation (hereinafter collectively referred to as "Providian")[1] appeal from an order of the Bullock Circuit Court, in which claims asserted by Calvin Pritchett and James Joyner, former holders of Visa credit cards issued by Providian National Bank, were certified for class treatment pursuant to Rule 23(b)(2) and (b)(3), *Page 1073 
Ala.R.Civ.P. We vacate the class-certification order and remand.
 Procedural Background
On June 3, 1999, Calvin Pritchett and James Joyner, both holders of Visa credit cards issued by Providian National Bank, sued Providian, alleging that Providian had charged their credit-card accounts, without their knowledge or permission, for products or services Pritchett and Joyner had not ordered or requested. In their complaint, Pritchett and Joyner alleged misrepresentation, suppression, deceit, fraudulent deceit, and unjust enrichment. Pritchett and Joyner also sought unspecified "declaratory and injunctive relief."
However, when Pritchett and Joyner filed this action, litigation involving similar claims was pending in California, Pennsylvania, and other states. Many of those cases had been consolidated, and a nationwide class had been certified in the Superior Court of California, San Francisco County; Pritchett and Joyner fell within the definition of the nationwide class. Some of the class representatives involved in those actions were Alabama residents, and Alabama lawyers were listed as counsel of record in those actions.
Allegations in the nationwide class action included claims that Providian had "unfairly and unlawfully impos[ed] and collect[ed] monthly fees for fee-based or add-on products which Plaintiffs and Class Members did not request or authorize." Pritchett and Joyner received notice at least as early as February 22, 2000, that that claim was being alleged in the nationwide class action. In June 2001, Pritchett and Joyner received notice of a proposed settlement of the nationwide class action; included in that notice were detailed instructions regarding the class members' rights under the proposed settlement, the date of a scheduled fairness hearing regarding the proposed settlement, how class members could object to the proposed settlement, and how class members could exclude themselves from the nationwide class. The notice provided that if the class members elected to exclude themselves from the class, they could not participate in the proposed settlement and they would not be allowed to file an objection to the proposed settlement.
In July 2001, and again in September 2001, Pritchett and Joyner filed with the Superior Court of California objections to the proposed settlement of the nationwide class action. Pritchett and Joyner asserted that the settlement proposed in the nationwide action was unfair to Providian Visa credit-card holders in Alabama in several respects. First, Pritchett and Joyner asserted that the proposed settlement provided only a de minimis recovery to each class member while Bullock County, in which their action had been filed, because of historically large jury verdicts awarded in that county was an excellent venue in which to punish Providian for its questionable practices aimed at unsophisticated consumers. Thus, Pritchett and Joyner argued that the proposed settlement was unfair to Visa credit-card holders in Alabama and that it should not be approved as to those class members. Pritchett and Joyner requested that the California trial court create a separate subclass of Alabama cardholders and formulate a different settlement plan for members of that subclass. Next, Pritchett and Joyner challenged the sufficiency of the proposed settlement notice sent to the class members. Finally, although Providian's headquarters are located in San Francisco, California, Pritchett and Joyner alleged that the State of California lacked sufficient contact to the claims asserted to exercise jurisdiction over nonresident class members. It is undisputed that Pritchett and Joyner elected to file an objection to the proposed settlement *Page 1074 
rather than to opt out of the nationwide class. Despite their objections, the California trial court approved the proposed settlement, and on November 4, 2001, entered a final judgment.
On September 20, 2001,[2] in the action instituted by Pritchett and Joyner in Alabama, the Bullock Circuit Court certified unidentified claims for class treatment, pursuant to Rule 23(b)(2) and (b)(3), Ala.R.Civ.P.:
 "Those similarly situated adult persons or entities in the State of Alabama who from January 1, 1996 to the present, have or have had credit cards issued by defendants and their subsidiaries and were charged a fee related to defendants' add-on products, specifically Credit Protection, Providian Health Advantage or Price-Pro or `Buy Smart.' The defined class encompasses only those customers within the Unbanked market or market segment of defendants."
In its order, the trial court stated:
 "The Court is aware of the other litigation pending against these defendants in other jurisdictions, notably California. However, the claims in the California action pertain to a class of nationwide cardholders and not exclusively to the class of Alabama Unbanked consumers. The Court has reviewed the transcript of the class certification hearing in California and has noted the California Court's concerns about the pending California class action and the proposed settlement. Most notable is the likelihood that Providian will profit from their wrongful conduct despite settlement of the proposed class action and payment of fines to the O.C.C. [Office of the Comptroller of Currency]. The efficacy of the O.C.C. settlement has come into question in the California proceeding since it appears there are concerns of the California Court about whether Providian abided by the injunction set out in the O.C.C. settlement.
 "In addition, the Court has determined that Alabama's Attorney General has made no intervention in either the California case, this case, or any other civil or criminal action to protect the rights of Alabama consumers. The allegations made by the plaintiffs in this case pertaining to Unbanked Alabama consumers can best be decided in a single Alabama forum and Alabama is the most suitable forum to protect Alabama citizens' interests. The California class action is in no way a superior forum in which to protect the rights of Alabama citizens since it deals primarily with violations of the California trade practices statutes and an accompanying RICO statute. While this Court is and will remain respectful of the California State Courts, it is the finding of the Court that the present class representatives would better represent and protect the rights of absent Alabama class members because of the differences in the class definitions and allegations between this action and the California action."
Providian appeals from the trial court's order certifying the class, raising the following issues:
 1. Whether the trial court erred in certifying a class under Rule 23(b)(2) and Rule 23(b)(3), Ala.R.Civ.P., where, Providian argues, the class representatives' claims have been released and are barred by the doctrine of res judicata as a result of *Page 1075 
the settlement of a nationwide class encompassing the class representatives' claims.
 2. Whether the trial court performed the "rigorous analysis" required under Ala. Code § 6-5-641 where the class-certification order fails to discuss the required elements of the plaintiffs' causes of action and contains almost no analysis of how the plaintiffs' evidence has any connection to the actual claims or experiences of the class representatives.
 3. Whether the trial court erred in finding that common issues of law and fact predominate where, Providian argues, the plaintiffs failed to identify any common misrepresentation or other common wrongful conduct that applied to any plaintiff or absent class member.
 4. Whether the trial court erred in finding that common issues of law and fact predominate where, Providian argues, questions of reliance and injury can be determined only by individual inquiry of each and every class member.
 5. Whether the trial court erred in certifying a class under Rule 23(b)(2) where the predominate relief sought by the plaintiffs is money damages.
 6. Whether the trial court erred in finding that a class action was the superior method of adjudicating the plaintiffs' claims where, Providian argues, those claims are encompassed by the settlement of a nationwide class, and a separate class action in Alabama could exist only from those Alabama class members who opted out of the nationwide class settlement.
We find that the claims asserted in Pritchett and Joyner's complaint are barred by the doctrine of res judicata and by the express language of the settlement agreement entered into by the parties to the nationwide class action, which included Pritchett and Joyner. We, therefore, vacate the Bullock Circuit Court's class-certification order and remand the case for further proceedings consistent with this opinion.
 Discussion
Providian asserts that Pritchett and Joyner's claims are barred by the doctrine of res judicata and that those claims have been released by the settlement agreement entered into by Providian and the nationwide class members who did not opt out of the nationwide action. We agree.
In Parmater v. Amcord, Inc., 699 So.2d 1238 (Ala. 1997), we noted:
 "The elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions. If these four elements are present, then any claim that was adjudicated or could have been adjudicated in the prior action is barred from further litigation. . . .
". . . .
 "The doctrine of res judicata is intended to put an end to litigation; it bars a plaintiff from recovering twice for a wrongful act, and it applies in this case."
699 So.2d at 1240-41 (citations omitted).
Applying those elements to the facts before us, we conclude that the four elements of res judicata are present. The nationwide action has been finally resolved by a stipulated settlement. See Martin v. Drummond Co.,663 So.2d 937, 947 (Ala. 1995) (recognizing that the settlement of a class action is a final judgment and bars the relitigation of claims settled in that *Page 1076 
class action). Thus, a final judgment has been entered in the nationwide action.
Second, we have no reason to question the jurisdiction of the Superior Court of California, San Francisco County, which entered the judgment in the nationwide class action. The jurisdiction of the California court over the nonresident class members is not an issue properly before this Court and, to our knowledge, that issue was not pursued on appeal in the nationwide action. Thus, the second element of res judicata is not at issue here.
Third, Providian, Pritchett, and Joyner were all parties to the settlement of the nationwide class action. Providian was unquestionably a party to the nationwide action, and we have already determined that Pritchett and Joyner, who were included in the definition of the class members, did not opt out of the settlement agreement in that action. Thus, the third element — substantial identity of the parties — has been met.
Fourth, the claims asserted by Pritchett and Joyner in this action are encompassed within the claims settled and released in the nationwide action. The settlement agreement executed by the parties to the nationwide action defined "Released Claims" to mean:
 "[A]ny and all individual, Class, or general public claims or causes of action, and `Unknown Claims' as defined in the following paragraph, that have been or could have been asserted by Plaintiffs and the Class Members, or any of them (on their own behalf and/or behalf of the general public), against the Releasees in the Litigation or in the Non-Consolidated Cases, or based upon or related to any unlawful, unfair, fraudulent or deceptive business practice, breach, offense, or violation of any statutory or common law provision, relating to the sale or provision of Providian credit products or services (including but not limited to Providian Accounts, add-on products or services, balance transfers, or changes in credit lines or interest rates), which relate to the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were alleged in any of the complaints filed in the Litigation or the Non-Consolidated Cases."
Additionally, the settlement agreement defined "Non- Consolidated Cases" specifically to include the action filed by Pritchett and Joyner in Alabama. Thus, the language of the settlement agreement references Pritchett and Joyner's claims in two ways: by referring to claims of the class members based upon or arising out of the sale by Providian of add-on products or services, and by referring to the allegations in any of the complaints filed in Non-Consolidated Cases, including this one. Pritchett and Joyner's claims were specifically released in the settlement of the nationwide class action; therefore, the same cause of action presented in this action was presented in the nationwide action.
Accordingly, all four of the elements of res judicata have been met. We conclude that Pritchett and Joyner's claims are barred by the doctrine of res judicata. Additionally, because Pritchett and Joyner's claims are also barred by the express language of the settlement agreement, the doctrine of release bars the relitigation of those claims. See New YorkLife Ins. Co. v. Robinson, 735 So.2d 463 (Ala. 1999) (plaintiffs who failed to opt out of an out-of-state class action were members of that class for settlement purposes; because the plaintiffs' claims were encompassed by the class-action settlement to which they were a party, relitigation of those claims was barred). We, therefore, vacate the Bullock Circuit Court's order certifying this action for class treatment, and we remand *Page 1077 
this action for an order or further proceedings consistent with this opinion. Because of our resolution of the first issue raised by Providian, we need not address the remaining class-certification issues raised by Providian.
ORDER VACATED AND CAUSE REMANDED.
See, Brown, and Harwood, JJ., concur.
Moore, C.J., concurs in the result.
[1] Providian asserts that Providian Financial Corporation is the holding company of which Providian National Bank is a subsidiary. Providian asserts that, because Calvin Pritchett and James Joyner, the plaintiffs, had no dealings with Providian Financial Corporation, that corporation is not a proper party to this case. Because of our disposition of this appeal, we express no opinion on this issue.
[2] This order was issued the day before the California trial court concluded its fairness hearing on the proposed settlement.