MENDHEIM, Justice.
*803 Baldwin Mutual Insurance Company ("Baldwin Mutual") appeals from an order of the Montgomery Circuit Court certifying for class treatment pursuant to Rule 23, Ala. R. Civ. P., an action filed against it by Gloria Mitchell McCain. We reverse and remand.
I. Facts
This is the second time this action has been before us. In Baldwin Mutual Insurance Co. v. McCain, 176 So.3d 1195 (Ala. 2015) (" Baldwin Mutual I"), we summarized the relevant facts as follows:
"At all relevant times, McCain owned a house in Montgomery upon which she held a homeowner's insurance policy issued by Baldwin Mutual. That policy provided that any covered property losses would be settled 'at actual cash value at the time of loss but not exceeding the amount necessary to repair or replace the damaged property.' The policy further explained 'actual cash value' as follows:
" 'Actual cash value is calculated as the amount it would cost to repair or replace covered property, at the time of loss or damage, with material of like kind and quality, subject to a deduction for deterioration, depreciation and obsolescence. Actual cash value applies to valuation of covered property regardless of whether that property has sustained partial or total loss or damage.
" 'The actual cash value of the lost or damaged property may be significantly less than its replacement cost.'
"In July 2005, McCain's house was damaged as the result of a windstorm. She filed a claim with Baldwin Mutual, and Baldwin Mutual thereafter retained an independent adjuster to examine McCain's damaged property and to prepare an estimate to repair the damage. Baldwin Mutual paid McCain's claim in accordance with the estimate prepared by the adjuster. Pursuant to a work-authorization form signed by McCain, Baldwin Mutual paid the funds directly to McCain's contractor. In June 2006, McCain filed another claim after her house suffered damage as a result of a lightning strike. After the same adjuster prepared an estimate, Baldwin Mutual paid the new claim in accordance with the adjuster's estimate. The record contains no allegation or evidence indicating that McCain sought more money from Baldwin Mutual in connection with those claims or that she was unhappy in any way with the service provided by Baldwin Mutual on those claims before she initiated this lawsuit.
"On September 29, 2010, McCain filed a complaint against Baldwin Mutual. As subsequently amended, the complaint stated one claim of breach of contract and another claim generally asserting misrepresentation and suppression of material facts. The genesis of the claims is that Baldwin Mutual had wrongfully been reducing the amount paid on claims made on actual-cash-value policies inasmuch as its practice was to deduct some amount for depreciation not only of the damaged materials and the labor costs of initially installing those damaged materials (based on their condition prior to the covered damage and their expected life span), but also of the labor costs associated with the removal of the damaged materials. It is improper and impossible to depreciate those labor costs, McCain argues, because they had *804 not previously been incurred at some defined time in the past; rather, they are being incurred at the time of the current repair. For example, with regard to McCain's July 2005 claim, Baldwin Mutual recognized that the cost of removing damaged roof shingles was $420; however, $63 in depreciation was deducted from that amount, and Baldwin Mutual paid only $357 for that job, what it considered to be the actual cash value. See generally Branch v. Farmers Ins. Co., 55 P.3d 1023, 1028 (Okla. 2002) (clarifying that under Oklahoma law 'labor costs to tear off an old roof are not included as a necessary part of the replacement costs of installing a new roof' and that 'the labor costs in debris removal may not be depreciated'). Noting that hundreds or thousands of Baldwin Mutual policyholders were likely negatively affected by Baldwin Mutual's practices in this regard, McCain also sought class-action certification of her claims...."
176 So.3d at 1195-96 (footnote omitted).
The trial court in Baldwin Mutual I certified a class based on McCain's claims, and Baldwin Mutual appealed the certification order. This Court reversed the trial court's certification order because "the class definition proposed by McCain in her brief submitted after the class-certification hearing was materially different from the class definition offered by McCain in her original complaint." 176 So.3d at 1199. We noted that the trial court failed to give "Baldwin Mutual the opportunity to oppose the certification of the proposed class at a hearing conducted for that purpose pursuant to § 6-5-641[, Ala. Code 1975]," 176 So.3d at 1199, and we pretermitted "consideration of the Rule 23 issues raised by Baldwin Mutual." 176 So.3d at 1198. We remanded the case for further proceedings.
Upon remand, and with leave from the trial court, McCain filed on October 11, 2015, a second amended complaint that retained the allegations in her first amended complaint and amended the definition of the proposed class. On October 20, 2015, Baldwin Mutual answered the second amended complaint. Following further discovery, McCain on April 28, 2016, filed a motion for class certification along with a supporting brief and exhibits. On May 5, 2016, with leave of the trial court, McCain filed her third amended complaint, which corrected an error in the class definition but otherwise retained the allegations of the second amended complaint.
On May 27, 2016, Baldwin Mutual filed a motion for a summary judgment. Baldwin Mutual contended that McCain's claims were barred by the doctrine of res judicata based on a final judgment entered by the Calhoun Circuit Court in Baldwin Mutual Insurance Co. v. Adair, CV-2011-000002 ("the Adair litigation"), which allegedly involved the same claims and same parties. See Baldwin Mut. Ins. Co. v. Adair, 181 So.3d 1033 (Ala. 2014) (addressing an appeal from an order modifying a preliminary injunction entered in the Adair litigation). On the same date, Baldwin Mutual filed a response in opposition to the motion for class certification, along with a brief and evidentiary submissions. In that brief, Baldwin Mutual argued that class certification should be denied because, it said, McCain failed to meet the requirements of a proper class representative, specifically that McCain could not "establish Rule 23(a) typicality and adequacy" because "McCain's breach of contract claim is subject to a unique defense-res judicata." On July 15, 2016, McCain filed responses to Baldwin Mutual's motion for a summary judgment and to its response in opposition to her motion for class certification. On July 21, 2016, the trial court held a hearing *805 on the motion for class certification and the motion for a summary judgment.
On September 21, 2016, the trial court entered an order denying Baldwin Mutual's motion for a summary judgment. On October 18, 2016, the trial court entered an order certifying McCain's purported class pursuant to Rule 23(a) and Rule 23(b)(3). The order defined the class as follows:
"(1) All current and former Baldwin Mutual insureds;
"(2) who are citizens of the State of Alabama;
"(3) who in the six years preceding the Complaint suffered a covered loss to property situated within the State of Alabama;
"(4) where the damage estimate for such loss prepared by Baldwin Mutual or their adjusters did not include as a separate item cost for 'removal' of damaged building components, and/or depreciated the cost of labor for removal to a lesser amount;
"(5) where calculation of the loss was based on either replacement cost or actual cash value; and
"(6) where the payment for such loss was made to the insured or directly to a contractor."
Baldwin Mutual filed a timely appeal of the class-certification order pursuant to § 6-5-642, Ala. Code 1975.
II. Standard of Review
" 'This Court applies an abuse-of-discretion standard of review to a trial court's class-certification order, but we will review de novo the question whether the trial court applied the correct legal standard in reaching its decision to certify a class....
" 'If the [plaintiffs] fail to meet the evidentiary burden as required by Rule 23, [Ala. R. Civ. P.,] then the order certifying the ... class[ ] constitutes an abuse of discretion by the trial court.... The [plaintiffs] must establish all of the criteria set forth in Rule 23(a), Ala. R. Civ. P., and one of the criteria set forth in Rule 23(b).' "
Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d 1216, 1218-19 (Ala. 2010) (quoting Smart Prof'l Photocopy Corp. v. Childers-Sims, 850 So.2d 1245, 1248-49 (Ala. 2002) ).
III. Analysis
Baldwin Mutual presents several arguments as to why it believes the trial court erred in certifying McCain's class action. Its first argument is that McCain's underlying breach-of-contract claims are barred by the doctrine of res judicata because of the final judgment in the Adair litigation and that, therefore, the class-certification order must be reversed. Understanding this argument and McCain's response to it requires some background with regard to the Adair litigation.
As noted above, the Adair litigation also has been before this Court previously. In our opinion in Adair, we related the facts in that litigation, in part, as follows:
"On December 2, 2010, [Baldwin Mutual] filed an 'Application for Temporary Restraining Order, Motion for a Preliminary Injunction and Complaint for Declaratory Judgment' ('the complaint') in the Baldwin Circuit Court against 122 individuals who were insured under various insurance policies issued by [Baldwin Mutual] ('the insureds').[1 ] According to the complaint, the insureds, through their legal counsel, had sent a letter *806 dated November 12, 2010, to [Baldwin Mutual]. The November 2010 letter stated:
" 'On behalf of each of our clients listed on the attached, please know that we invoke the appraisal provision contained within the Baldwin Mutual policies issued to these insureds for each loss or claim suffered previously. We hereby identify Samantha Ronquille-Green as our appraiser, and insist that you identify your appraiser within the time specified in the policies [i.e., 20 days]. Obviously, we are only seeking appraisal of claims for which there is prior coverage.'
"The letter also requested that [Baldwin Mutual] provide the insureds' counsel with a copy of the policy file for each of the insureds, and the letter accused [Baldwin Mutual] of 'bad faith' as to its treatment of the insureds.
"According to [Baldwin Mutual's] complaint, the various insurance policies at issue provided that [Baldwin Mutual] or an insured could invoke an appraisal process if [Baldwin Mutual] and the insured could not reach an agreement as to the amount of compensation due the insured for a loss covered under the insured's policy. The appraisal process entailed [Baldwin Mutual] and the insured each choosing an appraiser to estimate the insured's loss, and the appraisers in turn choosing an umpire who would resolve differences in the loss estimates provided by the appraisers."
181 So.3d at 1034-35 (footnote omitted). Baldwin Mutual sought an injunction because it believed that the insureds had improperly invoked the appraisal process under their policies.
It is undisputed that McCain was one of the defendants in the Adair litigation. It is also undisputed that on March 16, 2011, the defendant insureds in the Adair litigation-including McCain-filed counterclaims alleging breach of contract against Baldwin Mutual. In the counterclaims, the insureds alleged that Baldwin Mutual had breached its policies with them "by failing or refusing to pay covered claims against the policy, in full." In McCain's counterclaim, she identified her "covered claims" at issue to be one in 2005 and one in 2006-the same insurance claims at issue in the present litigation. Indeed, in her opposition to Baldwin Mutual's summary-judgment motion in the present action, McCain conceded that her claim "was included in the Adair [litigation]."[2]
On July 23, 2015, Baldwin Mutual filed a motion for a summary judgment in the Adair litigation in which it contended, among other things, that it was entitled to a judgment as a matter of law with regard to the insureds' breach-of-contract counterclaims. On September 23, 2015, the Calhoun Circuit Court granted Baldwin Mutual's summary-judgment motion and disposed of the Adair litigation. McCain did not appeal.
Baldwin Mutual contends that McCain's claims in the present action are subject to the defense of res judicata based on the September 23, 2015, summary judgment in the Adair litigation. We agree.
As this Court has stated:
"Two causes of action are the same for res judicata purposes when the following four elements are satisfied: '(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, *807 and (4) with the same cause of action presented in both actions.' Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala. 1998). 'If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation.' Id. (citing Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725-26 (Ala. 1990) )."
Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 919 (Ala. 2007).
The doctrine of res judicata applies in class-action litigation. See Alabama Dep't of Transp. v. Price, 854 So.2d 59, 63 (Ala. 2003) (citing Providian Nat'l Bank v. Pritchett, 846 So.2d 1072 (Ala. 2002) (plurality opinion), for the proposition "that a class-action settlement can serve as a prior judgment on the merits for res judicata purposes").[3] Moreover, class certification is inappropriate where the purported class representative's claims are barred by the doctrine of res judicata. See note 3, supra; see also, e.g., Zenith Labs., Inc. v. Carter-Wallace, Inc., 530 F.2d 508, 512 (3d Cir. 1976) (affirming a district court's denial of class certification because the named plaintiff was "an improper class representative" in that the defendant could "assert defenses against [the named plaintiff] which would not be applicable to the class as a whole, such as res judicata based on the disposition of Zenith's counterclaims in the earlier suit. Since these unique defenses could conceivably become the focus of the entire litigation and divert much of Zenith's attention from the suit as a whole, the remaining members of the class could be severely disadvantaged by Zenith's representation."); Robinson v. First Nat'l City Bank, 482 F.Supp. 92, 100 (S.D. N.Y. 1979) (finding that "[i]t is clear that ... the named plaintiffs whose individual claims are barred [by res judicata] are neither typical nor adequate representatives of the remaining class"); and Wai Hoe Liew v. Cohen & Slamowitz, LLP, 265 F.Supp.3d 260, 279 (E.D.N.Y. 2017) ("Ms. Atwood would not be a proper class representative because her individual and class claims are barred by res judicata or claim preclusion.").[4]
As we noted above, it is undisputed that the same parties were involved in both the present action and the Adair litigation, that McCain's counterclaims in the Adair litigation were the same as her claims in the present action,[5] and that the Adair litigation ended with a judgment on the merits against the insureds-including McCain-and in favor of Baldwin Mutual. Thus, the only remaining element of res judicata, and the one McCain purports to attack, is whether the Calhoun Circuit *808 Court had subject-matter jurisdiction over the Adair litigation. Before addressing that argument, however, we must address a procedural argument McCain raises, namely that this Court should not consider Baldwin Mutual's res judicata argument in this appeal.
McCain notes that Baldwin Mutual raised its res judicata defense in its motion for a summary judgment in the present action. McCain further notes that the trial court denied Baldwin's Mutual's summary-judgment motion, and, McCain observes, " '[an] order denying summary judgment is interlocutory and non-appealable.' Alfa Mut. Ins. Co. v. Bone, 13 So.3d 369, 374 (Ala. 2009)." McCain's brief, p. 15. Thus, McCain contends, Baldwin Mutual should not be permitted to raise in this appeal from a class-certification order what Baldwin Mutual could not raise at this time by way of an appeal from the denial of its motion for a summary judgment.
We acknowledge that the situation is procedurally unusual, but the fact remains that an order certifying a class is an appealable order and that Baldwin Mutual has raised res judicata as a defense to class certification. We cannot allow our evaluation of the merits of an appealable order to be stunted by the fact that those merits might not be properly before us in the absence of such an order, particularly when the record is otherwise adequate for purposes of our review. Specifically, we cannot be deterred from considering whether the doctrine of res judicata affects the certification of McCain's purported class simply because, absent an order certifying that class, no appeal would be available to consider whether the trial court erred by rejecting Baldwin's Mutual's argument that res judicata entitled it to a summary judgment as to McCain's claims.[6] Accordingly, we reject McCain's procedural argument.
McCain's other argument is that the doctrine of res judicata does not apply to preclude class certification because, she says, the Calhoun Circuit Court lacked subject-matter jurisdiction over McCain's claims in the Adair litigation. This is so, McCain argues, because the complaint in the present action was filed before the complaint in the Adair litigation.[7] McCain contends that, because the present action was filed first, the Montgomery Circuit Court had exclusive jurisdiction over her claims and, therefore, any judgment in the Adair litigation disposing of her claims was void. In support of this contention, McCain cites cases from this Court in which we have stated: " 'It is uniformly held that where two or more courts have concurrent jurisdiction, the one which first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction, to the final determination of the action and the enforcement of its judgments or decrees.' " Grimes v. Liberty Nat'l Life Ins. Co., 726 So.2d 615, 617 (Ala. 1998) (quoting Ex parte Burch, 236 Ala. 662, 665, 184 So. 694, 697 (1938) ). See, e.g., Attenta, Inc. v. Calhoun, 97 So.3d 140, 146 (Ala. 2012) ; Martin v. Clark, 554 So.2d 1030, 1032 (Ala. 1989).
*809 We first note that neither Grimes nor Attenta addresses the issue presented here: Whether a final judgment in a second-filed action may have res judicata effect as to a first-filed action (1) where the pendency of the first-filed action was not asserted as a defense in the second-filed action, or, (2) if such a defense was asserted, where no appeal raising the issue of the effect of the pendency of the first-filed action was taken from the final judgment entered in the second-filed action. In contrast, Grimes involved the issue whether the circuit court in which the first-filed action was filed and that had retained jurisdiction to enforce its final judgment approving a class-settlement agreement could enjoin the plaintiff's prosecution of a pending second-filed action. After noting that the plaintiff was a member of the class that was subject to the settlement agreement in the first-filed action, the Grimes Court concluded that the injunction was proper, citing "the well-settled rule that where two courts have equal and concurrent jurisdiction, the court that first exercises jurisdiction in a matter has preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction." 726 So.2d at 618. Unlike the defendant in Grimes, McCain made no effort to enjoin Baldwin Mutual's prosecution of the Adair litigation based on the pendency of the present action.
Attenta involved the issue whether the circuit court in which the second-filed action was filed erred in denying Attenta's motion to dismiss that action because of the pendency of a first-filed action. In other words, unlike McCain in the present action, the defendant in Attenta appealed from the judgment in the second-filed action and specifically raised the pendency of the first-filed action as a defense supporting dismissal. In Attenta, this Court held that the circuit court in which the second-filed action was filed had erred in denying the defendant's motion to dismiss, noting that the court in which the first-filed action was pending, "having first taken cognizance of the cause, had 'the exclusive right to entertain and exercise such jurisdiction, to the final determination of the action and the enforcement of its judgments and decrees.' Grimes, 726 So.2d at 617." 97 So.3d at 147.[8]
McCain's argument, as well as her use of the foregoing precedents as support, confuses the proper exercise of subject-matter jurisdiction with the existence of subject-matter jurisdiction. The former is an issue of limits on the exercise of power by a court that actually has power over a certain type of case; the latter is an issue of whether the court actually has any power over the type of case at issue, i.e., subject-matter jurisdiction.
As this Court has aptly observed:
"Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (' "By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought." ' (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870) ) ). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed. 2d 860 (2002)
*810 (subject-matter jurisdiction refers to a court's 'statutory or constitutional power' to adjudicate a case). In deciding whether Seymour's claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review.
"Under the Alabama Constitution, a circuit court 'shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b), Ala. Const. 1901 [§ 142, Ala. Const. 1901 (Off. Recomp.) ]."
Ex parte Seymour, 946 So.2d 536, 538 (Ala. 2006).
That the Calhoun Circuit Court had subject-matter jurisdiction over the "type of case" presented by Baldwin Mutual in the Adair litigation is beyond dispute. Likewise, McCain's counterclaims alleging breach of contract in that litigation were within the subject-matter jurisdiction of the Calhoun Circuit Court. The issue is not whether the Calhoun Circuit Court had subject-matter jurisdiction as to the Adair litigation; rather, the issue is whether the Calhoun Circuit Court properly exercised that jurisdiction in light of the pendency of the present action, which was filed first. As hereinafter discussed, that issue is one of abatement, and McCain's argument is merely a veiled attempt to use the concept of subject-matter jurisdiction to belatedly invoke abatement so as to defeat Baldwin Mutual's res judicata defense. Indeed, in the trial court, McCain's central argument as to why res judicata did not apply was that abatement prevented the filing of the contract counterclaims in the Adair litigation because it was the second-filed action, and therefore the summary judgment in the Adair litigation had no effect on her claims in the present action. That argument, however, is erroneous.
Alabama's abatement statute, § 6-5-440, Ala. Code 1975, provides:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
As this Court has stated:
" § 6-5-440
" 'does not operate on the jurisdiction of the trial court. The statute does not provide that the trial court "is deprived of" jurisdiction over the second-filed action, or that the second-filed action "is void." Instead, § 6-5-440 provides that when two actions are commenced at different times, the pendency of the first-filed action "is a good defense" to the second-filed action. Thus, a defendant must raise the first-filed action as a defense in a motion to dismiss.' "
Washington Mut. Bank, F.A. v. Campbell, 24 So.3d 435, 437 n.2 (Ala. 2009) (quoting First Tennessee Bank, N.A. v. Snell, 718 So.2d 20, 27 (Ala. 1998) (See, J., concurring in the result) ); see also Ex parte Calhoun, 688 So.2d 259, 261 (Ala. 1997) (observing that " '[u]nless there is objection, even though one court has assumed jurisdiction of a matter, another court with concurrent authority may act in the same matter' " (quoting Sheffield v. Sheffield, 350 So.2d 1056, 1058 (Ala. Civ. App. 1977) ) ); Alabama Power Co. v. City of Scottsboro, 238 Ala. 230, 238, 190 So. 412, 418 (1939) ("The rule is of course understood that the pendency of another suit does not destroy jurisdiction, and until the later suit is abated, it may proceed."). And, this Court has repeatedly held that, "until abated, the subsequent suit may proceed to final judgment, *811 even before the former comes on for trial, and may then be res judicata of the former." Strother v. McCord, 222 Ala. 450, 452, 132 So. 717, 719 (1931) ; see also, e.g., Logan v. O'Barr, 271 Ala. 94, 99, 122 So.2d 376, 380 (1960) ("[U]ntil abated, the subsequent suit could proceed to final judgment, even before the former comes on for trial and could then be res judicata of the former."); and Alabama Power Co. v. Thompson, 250 Ala. 7, 12, 32 So.2d 795, 799 (1947) ("When two actions involving the same issue or issues, between the same parties or their privies, are pending at the same time, so that a final judgment in one would be res judicata or a bar in the other, when the judgment in one becomes final it may be urged in the other by appropriate proceedings, regardless of which action was begun first. It is the first final judgment although it may be in the second suit, that renders the matter res judicata in the other suit.").[9]
We note that McCain did not raise the defense of abatement in the Adair litigation, or, if she did, she did not appeal from the final judgment in that litigation and assert abatement as to the summary judgment entered against her and in favor of Baldwin Mutual. Thus, she waived the existence of the present action as a defense to the prosecution of the Adair litigation. See Regions Bank v. Reed, 60 So.3d 868, 884 (Ala. 2010) (noting that abatement is a waivable affirmative defense); see also Chappell v. Boykin, 41 Ala. App. 137, 141, 127 So.2d 636, 639 (1960) ("The rule prohibiting splitting the cause of action being primarily for the benefit of the defendant may be waived by him."). That litigation has now proceeded to final judgment against McCain and in favor of Baldwin Mutual, and that final judgment may serve as the basis for the defense of res judicata in the first-filed action, i.e., the present action. See Strother, Logan, and Thompson, supra.
Based on the foregoing, we must reject McCain's argument as to subject-matter jurisdiction. The Calhoun Circuit Court in the Adair litigation had subject-matter jurisdiction as to McCain's breach-of-contract counterclaims, and that court adjudicated those claims in favor of Baldwin Mutual. Having established that McCain's individual claims of breach of contract in the present action are subject to a res judicata bar, what remains for determination is what effect this has on the trial court's certification of the class action.
" Rule 23(a) provides four prerequisites to bringing a class action: 1) the class must be so numerous that joinder of all members is impracticable; 2) there must be questions of law or fact common to the class; 3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and 4) it must appear that the representative parties will fairly and adequately protect the interests of the class."
Ex parte Gold Kist, Inc., 646 So.2d 1339, 1341 (Ala. 1994).
As Baldwin Mutual argued in its response to McCain's motion for class certification, the application of the doctrine of res judicata to McCain's breach-of-contract claims presents the issues whether her claims are subject to a unique defense ( Rule 23(a)(3) ) and whether she would be able to fairly and adequately represent the interests of the class ( Rule 23(a)(4) ). See, e.g., Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 295 (1st Cir. 2000) (observing that "we regard the law as settled *812 that affirmative defenses should be considered in making class certification decisions"); see also note 4, supra.
Baldwin Mutual notes that federal courts have concluded that when a class representative's claims are subject to a unique defense, the class should not be certified, either because the situation renders the class representative's claims atypical or because the class representative cannot adequately protect the class's interests in that the class representative will have to focus too much time and energy on the unique defense asserted against the class representative.[10]
"Several courts have held that 'class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation.' Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990), cert. denied, 498 U.S. 1025, 111 S.Ct. 675, 112 L.Ed. 2d 667 (1991) ; see also J.H. Cohn & Co. v. American Appraisal Assoc., Inc., 628 F.2d 994, 998-99 (7th Cir. 1980) ; Hoexter v. Simmons, 140 F.R.D. 416, 422-23 (D. Ariz. 1991) (plaintiffs['] claims atypical of class because unique defense could be asserted against them); Rolex Employees Retirement Trust v. Mentor Graphics Corp., 136 F.R.D. 658, 664 (D. Or. 1991) ('The certification of a class is questionable where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or to a subclass.')."
Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). See, e.g., J.H. Cohn & Co. v. American Appraisal Assocs., Inc., 628 F.2d 994, 999 (7th Cir. 1980) (explaining that the unique-defense rule exists because "[t]he fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer"); Shiring v. Tier Techs., Inc., 244 F.R.D. 307, 313 (E.D. Va. 2007) (observing that "even where a putative class representative's claim is 'typical,' 'class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation' " (quoting Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 59 (2d Cir. 2000) ) ); and In re ML-Lee Acquisition Fund II, L.P. & ML-Lee Acquisition Fund (Ret. Accounts) II, L.P. Sec. Litig., 848 F.Supp. 527, 559 (D. Del. 1994) (acknowledging that "dispositive defenses that are unique to the named Plaintiffs may render their claims atypical"). See also Providian, supra.
We are persuaded that the foregoing reasoning and authorities announce the correct rule, and that that rule is dispositive of the issue before us. The trial court erred in certifying McCain's action for class treatment because the claims of the purported class representative are subject to a unique defense-res judicata. There are no other named class representatives in the complaint, and the action obviously cannot continue on a class basis without a representative, so the class-certification order must be reversed.
IV. Conclusion
We reverse the trial court's order certifying this action for class treatment. Because *813 of our resolution of the first issue raised by Baldwin Mutual, its remaining arguments concerning why the action may not be appropriate for class certification under Rule 23, Ala. R. Civ. P., are pretermitted.[11] We remand this action for an order or further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Stuart, C.J., and Parker, Main, and Bryan, JJ., concur.

In December 2010 or January 2011, the case was transferred from the Baldwin Circuit Court to the Calhoun Circuit Court.

In the hearing on the summary-judgment motion in the present action, McCain's counsel asserted that "Ms. McCain was never supposed to be included" in the breach-of-contract counterclaims filed by the insureds in the Adair litigation, "but due to oversights, she actually was."

In Providian National Bank, a plurality of this Court vacated a class-certification order on the basis that the class representatives' claims were barred by the doctrine of res judicata. The Providian plurality's rationale was subsequently approved by a majority of this Court in Price.

This Court previously has observed that,
"[i]n examining the several prerequisites for class certification contained in Rule 23, we must keep in mind that 'Rule 23 of the Alabama Rules of Civil Procedure reads the same as Rule 23 of the Federal Rules, and we consider federal case law on class actions to be persuasive authority for the interpretation of our own Rule 23.' "
Ryan v. Patterson, 23 So.3d 12, 17 (Ala. 2009) (quoting Adams v. Robertson, 676 So.2d 1265, 1268 (Ala. 1995) ).

As to the claims pertinent to this appeal, McCain is the plaintiff in the present action against Baldwin Mutual. She was a defendant (and a counterclaim plaintiff) in the Adair litigation initiated by Baldwin Mutual, as plaintiff. It is well settled, however, that "[w]here the parties' alignment (as plaintiff or defendant) in the original suit is reversed in the subsequent action, § 6-5-440 still applies, because it is designed to prohibit one party from twice prosecuting the same cause of action." Ex parte Vest, 181 So.3d 1049, 1055 (Ala. 2015).

McCain's argument is further muted by the fact that "[a] petition for a writ of mandamus is an appropriate method by which to seek this Court's review of the denial of a motion to dismiss or for a summary judgment predicated on the doctrine of res judicata." Ex parte Webber, 157 So.3d 887, 891 (Ala. 2014). Baldwin Mutual could have filed such a petition, but, as to the issue of res judicata, the petition would have required consideration of the same issues and materials that Baldwin Mutual has presented on appeal from the class-certification order.

The complaint in the present action was filed on September 29, 2010; the complaint in the Adair litigation was filed on December 2, 2010.

It is true that the Attenta rationale discusses the resolution of the issue as a matter of subject-matter jurisdiction rather than as a matter of abatement. As hereinafter discussed, however, the pendency of a first-filed action clearly presents an issue of abatement, a waivable affirmative defense, not an issue of the subject-matter jurisdiction of the court in which the second-filed action is pending.

If McCain's argument were correct, namely that the trial court in a second-filed action has no subject-matter jurisdiction over such an action, our precedents applying § 6-5-440 would be nonsense.

In Adair, we noted that Baldwin Mutual had informed the trial court in the Adair litigation that "the class representative in McCain v. Baldwin Mutual, CV-10-901266, filed in Montgomery County, was the only one of the insureds who was currently a party in an action in which [Baldwin Mutual] also was a party." 181 So.3d at 1037 n.4. Consequently, among potential class members in the present action, McCain appears to be the only one subject to a res judicata defense.

In other words, we do not here reach the question whether the elements of Rule 23 would be met by an unnamed class member whose claims are not subject to a res judicata defense. See Cutler v. Orkin Exterminating Co., 770 So.2d 67, 71 n.3 (Ala. 2000).